UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

CARL GRABALA and A-1 COMMUNICATIONS, INC.

    Plaintiffs,

v.

GLOBAL TOWER, LLC, d/b/a GLOBAL TOWER PARTNERS, AMERICAN CELLULAR CORPORATION, ACC TOWER SUB, LLC, GTP TOWERS II, LLC, and DUTCHESS COUNTY CELLULAR TELEPHONE INC.,

    Defendants.

09 Civ. 2082 (SCR)

MEMORANDUM DECISION AND ORDER

---

**STEPHEN C. ROBINSON, United States District Judge.**

Carl Grabala and A-1 Communications ("A1C") (collectively, the "plaintiffs") commenced this declaratory action in the Supreme Court of the State of New York for Dutchess County against Global Tower, LLC, doing business as Global Tower Partners, American Cellular Corporation, ACC Tower Sub, LLC, GTP Towers II, LLC, and Dutchess County Cellular Telephone Inc. (collectively, the "defendants"). The defendants removed the action to federal court, pursuant 28 U.S.C. §1441(a), claiming that federal diversity jurisdiction exists, *see* 28 U.S.C. 1332(a). The plaintiffs now seek to have the case remanded to Supreme Court, *see* 28 U.S.C. § 1447(c), because they believe that the case does not exceed the amount-in-controversy threshold of $75,000.00, exclusive of interest and costs, *see* 28 U.S.C. § 1332(a).

Removal to federal court is proper where there is federal subject-matter jurisdiction over the claim being litigated. *See* 28 U.S.C. § 1441. As a general matter, the party asserting jurisdiction—here, the defendants—bears the burden of establishing that the case is properly in

09 Civ. 2082 (SCR) 2

federal court. *United Food & Commercial Workers Union, Local 919 v. Centermark Props. Meriden Square*, 30 F.3d 298, 301 (2d Cir. 1994). The Supreme Court has explained that, in light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108 (1941); *Ca. Pub. Employees' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004).

The basis for federal jurisdiction asserted by the defendants in this case is diversity jurisdiction under 28 U.S.C. § 1332(a)(1). Federal courts have jurisdiction under section 1332(a)(1) where the parties are completely diverse, *see Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267 (1806), an element which is undisputed here, and where the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Before setting forth the principles governing the amount-in-controversy determination, a brief recitation of the facts is necessary.

In 1989, the plaintiffs entered into a lease (the "Depot Hill Lease" or the "Lease") with Dutchess County Cellular Telephone Company ("Dutchess Cellular"), a company that owned a telecommunications tower (the "Depot Hill Tower"). The Depot Hill Lease gave the plaintiffs the right to install and maintain *eight* telecommunications antennas on the Depot Hill Tower, and, as consideration for that right, the plaintiffs leased to Dutchess Cellular space on a telecommunications tower that the plaintiffs owned. The Depot Hill Lease also provided that, should Dutchess Cellular no longer have access to the plaintiffs' tower, the plaintiffs would be obligated to pay to Dutchess Cellular $250 per month for the duration of the Depot Hill Lease. The initial term was thirty-years, and the Lease gave the plaintiffs the option to extend it for two

additional terms of twenty-years each. Accordingly, the Depot Hill Lease has the potential to control the relationship between the plaintiffs and Global Towers for an additional fifty-years.

After the plaintiffs entered into the Depot Hill Lease with Dutchess Cellular, the Lease, according to the plaintiffs, was amended several times to allow, among other things, the plaintiffs to install and maintain antennas at unoccupied locations on the Depot Hill Tower, including on the top twenty-feet of the tower, which is the most valuable space of a telecommunications tower. Dutchess Cellular assigned its interest in the Lease (and, presumably, the Depot Hill Tower as well), and, after a series of conveyances, Global Tower purportedly came into possession of the Depot Hill Tower and Dutchess Cellular's interest in the Depot Hill Lease.

Global Tower and the plaintiffs then began the dispute that led to this lawsuit. Global Tower informed the plaintiffs that it believed that the plaintiffs were in material breach of the Depot Hill Lease. Specifically Global Tower contended that the plaintiffs had installed at least eleven antennas in excess of the eight permitted under the Depot Hill Lease, and it therefore threatened to remove the excess antennas; that the plaintiffs had exceeded the permitted use clause for the two-way radio system; and that the plaintiffs had improperly assigned/sublet the a shed. The plaintiffs contended that Global Tower had not presented the notice of assignment required under the Depot Hill Lease and that Global Tower was refusing to recognize the amendments made by the previous parties to the Depot Hill Lease.

The plaintiffs then filed this declaratory action in the New York Supreme Court, seeking a judicial determination of the rights of the parties under the Depot Hill Lease. Indeed, as is evident from their prayer for relief, the plaintiffs seek a comprehensive judicial determination as to the parties' rights and obligations under Lease. The plaintiffs request a determination that:

    (i)      The Depot Hill Lease is in full force and effect;
    (ii)     Plaintiffs are not in default or in breach of any provision of the Depot Hill Lease[;]
    (iii)    The rental amount Mr. Grabala shall pay under ¶ 3 of the Depot Hill Lease to the assignee of Dutchess County Cellular is $250.00 per month if such assignee does not use the Silver Mountain site;
    (iv)    Mr. Grabala is free to locate antennas at unoccupied locations on the Depot Hill site tower, including the top 20 feet of the tower, under the modification provisions of the letter from David M. Briggs, Real Estate Administrator, dated October 2, 1989.
    (v)     Plaintiffs are authorized to locate a building and a generator at the Depot Hill site, as authorized by the modification letter dated November 23, 1989, signed by Kevin Brennan, Project Manager from Cellular One.
    (vi)    The intent of the Depot Hill Lease ¶ 10, which forbids the assignment or sublet of Mr. Grabala's rights as Lessee, is to permit Mr. Grabala to enter into business arrangements that allow third parties to use his antennas, as long as such arrangements do not purport to release Mr. Grabala from his obligations to Lessor or to expand Mr. Grabala's rights as Lessee under the Depot Hill Lease;
    (vii)   Permanently enjoining Global Tower from interfering with or disconnecting plaintiffs' equipment unless and until it has followed all relevant provisions set forth in the Depot Hill Lease; and,
    (viii)  [S]uch other and further relief as to this Court may seem just and proper.

Complaint at 9-10 (Exhibit 6 to Affirmation of Steven Habiague in Support of a Motion to Remand ("Habiague Affirm.")).

Despite this comprehensive request for relief, the plaintiffs contend that the amount-in-controversy is limited to "[r]ent[] between 2005 (when [Global Tower] first claims rights on the site) and the current date (about $12,000)." Plaintiffs' Memorandum of Law in Support of a Motion to Remand the Case to State Court ("Pl. Mem.") at 1. The plaintiffs submit that the entire rental "amount is not 'in controversy' because [they] do[] not contest it" but "only seeks to establish the identify of the lawful lessor who is entitled to it." Id. According to the plaintiffs, their Complaint "at the time the action was removed shows that the amount in controversy is zero." Id. at 2.

The Court cannot accept the plaintiffs' argument. In an action commenced pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, "it is well established that the amount in

controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). In *Hunt*, for example, Washington apple growers and dealers challenged a North Carolina statute that prohibited the display of Washington State apple grades on closed containers shipped into North Carolina, and the Court measured the amount-in-controversy as the "losses that will follow from the statute's enforcement." *Id.* Similarly, courts have held that in declaratory action cases "involving the validity of a contract . . . the entire value of the contract determine[s] the amount in controversy." *Beacon Construction Co. v. Matco Elec. Co.*, 521 F.2d 392, 399 (2d Cir. 1975) (citing *Davis v. American Foundry Equipment Co.*, 94 F.2d 441, 443 (7th Cir. 1938)); *cf. Pollock v. Trustmark Ins. Co.*, 367 F. Supp. 2d 293, 297 (S.D.N.Y. 2005) (noting that in an action for a breach of contract—as opposed to a declaratory action requesting a determination as to the validity of an entire contract—the monetary amount is amount necessary to make the non-breaching party whole).

In this case, it is evident that the plaintiffs' Complaint seeks much more than merely a determination as to whom the plaintiffs must pay $250 in rent. The plaintiffs seek a judicial determination that the rental amount that Mr. Grabala must pay under the lease is $250.00 per month. Extended for the life of the Depot Hill Lease, such a determination alone would amount to $150,000, given that the plaintiffs have the option of extending the lease for an additional fifty-years. Moreover, the plaintiffs also seek this Court's imprimatur on their installation of at least eleven additional antennas installed pursuant to a purported modification to the Lease. According to Global Towers, each of those additional antennas, under prevailing market conditions, would obligate the plaintiffs to pay between an additional $500 and $1,500 per month. *See* Affidavit of Ronald E. Graiff ("Graiff Aff.") ¶ 12.[*] Even assuming that there are

---

[*] "Where there is no dollar amount alleged in the complaint and the action is in federal court by a notice of removal," one district court has explained, "a reasonable probability that the jurisdictional amount is met can be

only two additional antennas (at $500 monthly rent for each) that are disputed for the remainder of the *initial* term of the Lease (ten years), the value of that determination is $120,000.

Consequently, this Court finds that there is a "reasonable probability," *Pollock*, 367 F. Supp. 2d at 297, that "the value of the object of the litigation" exceeds the amount-in-controversy threshold of $75,000, *see Hunt*, 432 U.S. at 347. The plaintiffs' motion to remand this case to Supreme Court is therefore denied.

The Clerk of the Court is directed to close docket entry number 8.

*It is so ordered.*

Dated: May 18, 2009

White Plains, New York

Stephen C. Robinson
United States District Judge

---

established by competent evidence from other sources." *Pollock v. Trustmark Ins. Co.*, 367 F. Supp. 2d 293, 297 (S.D.N.Y. 2005); *cf.* 18 JAMES WM. MOORE ET AL, MOORE'S FEDERAL PRACTICE § 102.107[3] (3d ed. 1999) ("If the state court complaint alleges damages less than the jurisdictional amount, but state law does not limit the plaintiff to the amount pleaded, there is the specter of bad-faith pleading to avoid removal."). Thus, if the complaint does not state a claim for damages, then courts may turn to the moving papers and affidavits. *Pollack*, 367 F. Supp. 2d at 297.